FILED
CLERK, U.S. DISTRICT COURT

3/10/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PARKER WILLIAM WHITE,<br>　aka "panda4985,"<br><br>　　　　Defendant. | ED CR 5:23-cr-00040-AB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. §§ 2253 and 2428: Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about January 27, 2022, in San Bernardino County, within the Central District of California, defendant PARKER WILLIAM WHITE, also known as "panda4985," knowingly possessed a black/grey iPhone 12 Pro Max, Model MG923LL/A, bearing IMEI No. 354876506002091, and bearing Serial No. F2LF69170D43 (the "iPhone"), that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant WHITE possessed on the iPhone included, but was not limited to:

1. a video titled "IMG_3999.MP4";
2. a photograph titled "IMG_3999.JPG"; and
3. a video titled "IMG_4001.MP4".

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

   (a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in such offense;

   (b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

   (c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph

3

if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2428]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

   (a) All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

   (b) All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2428(b)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with

```
 1  other property that cannot be divided without difficulty.
 2
 3                                         A TRUE BILL
 4
 5                                          ___/s/_____
                                            Foreperson
 6
 7  E. MARTIN ESTRADA
    United States Attorney
 8
    Scott M. Garringer
 9  Deputy Chief, Criminal Division For:

10  MACK E. JENKINS
    Assistant United States Attorney
11  Chief, Criminal Division

12  JEFFREY M. CHEMERINSKY
    Assistant United States Attorney
13  Chief, Violent & Organized Crime
    Section
14
    LYNDSI ALLSOP
15  Assistant United States Attorney
    Violent & Organized Crime Section
16
17
18
19
20
21
22
23
24
25
26
27
28
```